IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WALTER MOFFETT,

                Plaintiff,                  OPINION AND ORDER

v.

                                                20-cv-16-wmc

TRAVIS HAAG and
SHANON SCHMIDTKNECKT,

                Defendants.

Plaintiff Walter Moffett, an inmate representing himself, claims that Wisconsin Department of Corrections ("DOC") staff at Columbia Correctional Institution ("Columbia") retaliated against him for having filed earlier civil lawsuits and made "criminal complaints" against prison staffers. The court initially granted plaintiff leave to proceed against two defendants on First Amendment retaliation claims, but defendants have since moved for summary judgment. (Dkt. #33.) For the following reasons, the court will grant that motion.

UNDISPUTED FACTS[1]

A. Background

During the times relevant to this lawsuit, Moffett was an inmate at Columbia. During the same time period, defendants Travis Haag and Shanon Schmidtknecht worked at Columbia as a Correctional Sergeant and Correctional Unit Supervisor, respectively.

---

[1] Unless otherwise noted, the following facts are material and undisputed. The court has drawn these facts from the defendants' proposed findings of fact, as well as the underlying evidence submitted in support, viewed in a light most favorable to the non-moving party. Since plaintiff did not respond to defendants' proposed findings of fact in accordance with this court's procedures, however, defendants' proposed findings of fact must be deemed undisputed. While plaintiff offers facts in his complaint (dkt. #1) and "BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT" (dkt. #39), he has not sworn to the

In 2017, Columbia law librarians started the inmate law library pass process, including the preparation of a log that would list each inmate receiving law library time. The law librarians assigned law library access based on library availability and inmate need. After the librarian created the log, a security staff member wrote individual passes for inmates listed on the log and dropped them off at each housing unit. Sergeant Haag then had staff members on the unit distribute these passes to inmates. However, Supervisor Schmidtknecht attests that she played no role in handing out law library passes. (Schmidtknecht Decl. (dkt. #37) ¶ 11.)

B. Alleged Retaliation Against Moffett

On March 28, 2017, plaintiff Moffett asserts that defendants Haag and Schmidtknecht removed him from the law library, telling him that he was not allowed in the law library because he had not gone to the law library during his approved recreation period. (Moffett Mot. Dismiss (dkt. #39) 1.) Later, Moffett maintains that Haag called the law library to prevent him from getting law library passes and destroyed his library passes, effectively preventing him from visiting the law library for the next couple of weeks. (*Id.* at 2; (Compl. (dkt. #1) 3.) Further, Haag supposedly wrote messages next to Moffett's name on the law library pass list -- like "out of luck" and "no law library for you" -- although Moffett does not indicate how he knew it was Haag who did this. (Moffett Mot. Dismiss (dkt. #39) 1.)

---

truthfulness of the statements in either submission under penalty of perjury. Despite plaintiff's failure to follow this court's procedures for responding to summary judgment motions, however, as reflected in the text above, the court has considered those asserted facts set forth in his complaint and brief to the extent one could reasonably infer that they are within plaintiff's personal knowledge.

Moffett also contends that Haag and Schmidtknecht knew about his participation in other lawsuits against DOC staff because he was constantly receiving legal mail, which was opened outside of his presence. (*Id.* at 3.) In addition, he asserts both defendants knew that Moffett had made "criminal complaints" against their coworkers, and it was "general knowledge" among corrections officers that Moffett was aware of their "crooked" behavior. (*Id.*) As a result, Moffett contends that Haag and Schmidtknecht had organized a retaliation "campaign" against him, stealing and reading his personal letters and legal documents, and that Schmidtknecht had other officers break his television and take away his walker and wheelchair. (*Id.* at 2-3.) Finally, Moffett asserts that defendants' acts of retaliation caused him harm because he had to rush his summary judgment brief in *Moffett v. Strahota*, E.D. Wis. Case No. 15-cv-644, which resulted in the court granting summary judgment against him. (*Id.* at 4.)

For their part, defendants Haag and Schmidtknecht attest that they never denied Moffett a library pass or interfered with his allotted law library time for any reason, and Schmidtknecht further states that she did not recall Moffett having lawsuits against her. (Haag Decl. (dkt. #36) ¶¶ 19, 25, 27; Schmidtknecht Decl. (dkt. #37) ¶¶ 12, 13.) Moreover, after Moffett complained about not receiving library passes, Haag attests that he told Moffett to write to the law library. When Moffett still did not receive a law library pass, he complained to Haag, asserting interference with his law library access and retaliation against him. However, Haag explained that he played no role in deciding who got a library pass. Haag last attests that he called the law library and learned library staff planned to investigate Moffett's access issues, although he never heard back, and Moffett did not receive any more law library passes.

3

OPINION

A party is entitled to summary judgment if the movant shows that there is no genuine dispute as to any material fact, and judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In contrast, to defeat such a showing, plaintiff need only "show through specific evidence" that: (1) "a triable issue of fact remains on issues for which [plaintiff] bears the burden of proof at trial"; and (2) "the evidence submitted in support of [his] position must be sufficiently strong that a jury could reasonably find for [him]." *Knight v. Wiseman*, 590 F.3d 458, 463-64 (7th Cir. 2009) (citations omitted).

To prevail on his First Amendment retaliation claims, plaintiff must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take retaliatory action. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quotation marks omitted). Defendants focus their arguments on this third element -- a motivating factor -- asserting that they did not retaliate against plaintiff because: (1) they were unaware that plaintiff had filed any complaints or lawsuits against them; and (2) they did not interfere with his law library access at all, much less because of any protected activity. Both also deny playing any role in deciding whether plaintiff received law library passes. In response, plaintiff asserts that defendants violated his First Amendment rights by preventing him from using the law library and lying about why he could not use it.

The third element, a "motivating factor" amounts to a "causal link between the activity and the unlawful retaliation," which can be shown by direct or circumstantial

4

evidence. *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). Circumstantial evidence may include, among other things, suspicious timing. *Id.* Although "[t]he mere fact that one event preceded another does nothing to prove that the first event caused the second." *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918 (7th Cir. 2000). Similarly, "alleging merely the ultimate fact of retaliation is insufficient" to survive defendants' initial showing that entry of summary judgment is appropriate. *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (abrogated on other grounds by *McGill v. Duckworth*, 944 F.2d 344, 346 (7th Cir. 1991)). Finally, plaintiff's "subjective belief that [a defendant's] action was retaliatory . . . does not alone create a genuine issue of material fact." *Johnson v. Univ. of Wisconsin-Eau Claire*, 70 F.3d 469, 480 (7th Cir. 1995) (abrogated on other grounds by *Spiegla v. Hull*, 371 F.3d 928 (7th Cir. 2004)).

The court emphasized in its screening order that plaintiff could not prove his retaliation claims by relying on allegations in his complaint or his personal beliefs. (Dkt. #16, at 5). Nevertheless, at summary judgment, plaintiff provided *no* evidence in support of his claims. In response to defendants' motion for summary judgment, plaintiff does make various, conclusive assertions about how and why they retaliated against him, but arguments in briefs are not evidence.[2] *Box v. A & P Tea Co.*, 772 F.2d 1372, 1379 n.5 (7th Cir. 1985).

Even taking plaintiff's unsupported assertion that defendants knew about his lawsuit as fact, he only offers speculation that defendants retaliated against him *because* of unnamed lawsuits brought against other people, which is simply not enough to defeat

---

[2] The court has also considered plaintiff's "counter brief" (dkt. #42), but he offered no substantive arguments in that document.

5

Case: 3:20-cv-00016-wmc   Document #: 47   Filed: 02/15/24   Page 6 of 7

summary judgment. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003) ("Mere speculation or conjecture will not defeat a summary judgment motion." (quotation marks omitted)). While plaintiff did have a case pending at the time of defendants' alleged retaliation, *Moffett v. Strahota*, No. 15-cv-644 (E.D. Wis.), the circumstances of that case do not support his conclusion that these defendants retaliated against him because of it.

As an initial matter, the timing of the alleged retaliation was not suspicious; indeed, the undisputed evidence shows that plaintiff filed that action *nearly two years* before defendants allegedly retaliated against him. (Ex. 1003 (dkt. # 41-1) 7); *see Young-Gibson v. Bd. of Educ. of City of Chicago*, 558 F. App'x 694, 699 (7th Cir. 2014) (collecting cases stating that 7-week and 6-month gaps were not suspicious). The substance of that lawsuit also cuts against his assertion that either defendant retaliated against plaintiff because of it, as neither of the current defendants were listed as defendants in that lawsuit, nor does plaintiff offer proof of some other link to them. (Ex. 1003 (dkt. #41-1) 1-7.) In fact, plaintiff's claims in that case centered on his treatment at *Waupun* Correctional Institution, not Columbia. *Moffett v. Strahota*, No. 15-CV-644, 2016 WL 7053142, at *1 (E.D. Wis. Dec. 5, 2016). To be sure, defendant Haag's alleged snide comment that plaintiff was "out of luck" on the law library pass list could be deemed unprofessional, but that alone would not support a claim of his retaliating against plaintiff because of an apparently unrelated lawsuit.

Finally, plaintiff asserts that defendants retaliated against him for filing "criminal complaints" against prison staff, but he offers no details as to whom he made those

6

complaints, against whom they were made, or when he made them.[3]  Again, this is simply too vague and conclusory an assertion to permit a reasonable jury to find those complaints were a motivating factor in either defendant's alleged refusal to issue him library passes, even if they had the power to do so.

Accordingly,

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment (dkt. #33) is GRANTED;

2) Plaintiff's motion to dismiss defendant's motion for summary judgment (dkt. #38) is DENIED; and

3) The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 15th day of February, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] Defendants also point out that plaintiff would not be entitled to compensatory damages because he only asserts that defendants' alleged retaliation forced him to "rush his brief" in *Moffett* which resulted in the court granting summary judgment against him.  However, plaintiff's assertion is refuted by the record which shows that the defendants in *Moffett* did not file their summary judgment motion until October 2017, months *after* any alleged retaliation in this case.  (Ex. 1003 (dkt. #41-1) 11.)